IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-176 |
| | ) | |
| FREDERICK H. BANKS | ) | |

**O R D E R**

Defendant Frederick H. Banks has filed an "Ex Parte Motion for Police Report," Docket No. 293, in which he seeks an Order of Court directing the Government, stand-by counsel, or the Edgewood Police Department to turn over to him forthwith a police report made by Ms. Heidi Baldt in 2004 "concerning matters associated with the prosecution of Banks in this case." Defendant asserts (1) that he was not provided with the report to which the government prosecutor referred in his opening statement; (2) the report could have been used to impeach the testimony of Ms. Baldt offered at trial; and (3) "the report is considered after discovered evidence and also could constitute a <u>Brady</u> violation."

At the Court's direction (Docket No. 304), the Government responded, stating that "[i]f such a police report exists, the government does not have it and never did have it." (Docket No. 309, ¶ 2.) Mr. Banks then filed a reply in opposition to this response, disputing the Government's representation to the Court. (Reply in Opposition to Government's Response to Defendant's Ex Parte Motion for Police Report and Motion to Strike Brendan

1

Conway's Mischaracterizations of Evidence and Motion to Declare Brady/Jencks Violation Constituting Mistrial," Docket No. 325, "Def.'s Reply.") He contends that not only has the Government mischaracterized Ms. Baldt's testimony, the prosecutor "is well aware and has had the report since the summer of 2004 when it was lodged." (Def.'s Reply, ¶ 4.) He demands a hearing "to adjudicate the facts," a transcript of the prosecutor's opening statement and Ms. Baldt's testimony, an order striking the Government's response from the record, and an order of Court declaring a mistrial for violation of "Brady/Jencks."[1] (Id. at 2.)

Defendant is first reminded that the jury was told in both the preliminary and the final instructions that the Government's arguments are not evidence. Therefore, even if the prosecutor said in his opening statement,[2] as Defendant asserts, that "Baldt came forward through the report and turned Banks in," that statement is not evidence and the jury is presumed to have followed the Court's instructions on that point.

Second, prior to and during the trial, the Court made two investigators available to Mr. Banks who was representing himself

---

[1] Although never clearly articulated by Defendant, the Court assumes he is referring to Brady v. Maryland, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. § 3500.

[2] The Court notes for the record that the police report was not mentioned in the prosecutor's closing argument. See Transcript of Court Proceedings, December 23, 2005, Docket No. 285.

2

although incarcerated at the time.  In Pennsylvania, police reports are public records.  Scheetz v. Morning Call, Inc., 946 F.2d 202, 207 (3d Cir. 1991).  If Defendant believed the police report could have been used to impeach Ms. Baldt's testimony, he could have directed an investigator or his stand-by counsel to get the report for him and could have requested the Court to issue a subpoena recalling Ms. Baldt.  The Court concludes that by failing to take such steps at the appropriate time during trial, Defendant has waived his argument that the report is "after discovered" evidence which entitles him to a new trial.

Defendant asserts he was told by his former attorney at some undisclosed time that a colleague of the prosecutor in this case told the attorney "the government" had received the report and interviewed Ms. Baldt.  (Def.'s Reply, ¶ 3.)  Even if that were true, the Court would not direct a mistrial as Defendant requests.  Assuming for the sake of argument that the Government had the report, the Court finds that the failure to disclose it was not material.  See United States v. Zimmerman, No. 02-3831, 2003 U.S. App. LEXIS 11804, * 3 (3d Cir. June 16, 2003), citing United States v. Bagley, 473 U.S. 667, 675 (1985).  As explained in Zimmerman, in determining if the undisclosed evidence is material, the Court must ask

> whether there is a reasonable probability that, had the evidence been disclosed to [Mr. Banks], the result of the proceedings would have been different.  Under this standard, the question is not whether [he] would more likely than not have received a different verdict with

>the evidence, but whether in its absence he received a
>fair trial. We are mindful that the test is not
>whether, discounting the inculpatory evidence, there
>would still have been enough evidence to convict, but
>rather whether the favorable evidence puts the case in
>a such a different light as to undermine confidence in
>the verdict. And, we must consider the cumulative
>effect of all of the undisclosed evidence, not just the
>individual pieces.

Zimmerman, 2003 U.S. App. LEXIS 11804 at *3-*4 (internal citations and quotations omitted). See also United States v. Pelullo, 105 F.3d 117, 122 (3d Cir. 1997), holding that a new trial is required under Brady only if the defendant demonstrates that (1) the prosecution withheld exculpatory evidence, and (2) the evidence was material, i.e., the defendant did not receive a fair trial because of its absence.

Mr. Banks does not contend that the police report contained information that would have been exculpatory with regard to the mail fraud charges against him, he only argues that because Ms. Baldt could not get any information from him or his previous counsel about "what was going on in this case," "she contacted the Edgewood police and filed a police report against Banks." (Def.'s Reply ¶ 2.) Furthermore, Defendant has failed even to argue that he did not receive a fair trial because the police report was not available to impeach Ms. Baldt's testimony in some unspecified way. Under these circumstances the Court cannot conclude that a Brady violation exits.

**And now**, this 17th day of February, 2006, Defendant's Ex Parte Motion for Police Report, Docket No. 293, is denied.

4

_____
Joy Flowers Conti
United States District Judge


cc: Brendan T. Conway, Esq.
    Assistant U.S. Attorney
    400 United States Courthouse
    Pittsburgh, PA 15219

    Frederick Banks
    No. 120759
    Allegheny County Jail
    950 Second Avenue
    Pittsburgh, PA   15219

    David B. Chontos, Esq.
    561 Beulah Road
    Turtle Creek, PA 15145