IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-176 |
| | ) | |
| FREDERICK H. BANKS | ) | |

## O R D E R

Pending before the Court is Defendant's "Ex Parte Motion for Subpoena Compliance, Criminal History Report and Motion for Arrest Warrant," Docket No. 294 ("Def.'s Mot.") Mr. Banks seeks a subpoena requiring Richard Hentosh to testify at Defendant's sentencing hearing scheduled for March 10, 2006, an arrest warrant for Mr. Hentosh, and a status report on a subpoena previously served on Mr. Hentosh requiring his testimony during Defendant's trial in December 2005.

On February 2, 2006, the Court directed Defendant to file a memorandum outlining the relevancy of Mr. Hentosh's testimony to the sentencing factors set forth in 18 U.S.C. § 3553(a). (See Docket No. 305.) Defendant has now complied with that Order.

Mr. Banks argues that at trial, the Government successfully argued he was "destitute, unemployed and therefore had to commit the crimes [of mail fraud] to make money to support himself and others." (Memorandum in Support of Relevancy of Richard

1

Hentosh's Testimony to 18 U.S.C. § 3553(a) Sentencing, Docket No. 320, "Def.'s Memo," ¶ 1.)[1] Defendant contends that Mr. Hentosh's testimony is necessary to confirm that

> Mr. Banks is a recording artist and music executive that entered into a contract with Hentosh to manufacture, distribute, promote, market and manage his career as a rapper from the Philladelphia [sic] area.

(Def.'s Memo ¶ 3.)

In particular, Defendant expects Mr. Hentosh will testify about how he contacted Mr. Banks; how they entered into a licensing contract; how Defendant negotiated with a distributor to have Mr. Hentosh's record manufactured, released and distributed; and how Mr. Banks secured an advance for him. He concludes that "these factors clearly relate to the history and characteristics of Banks pursuant to 3553(a)."[2] (Id.) In the motion itself, Defendant describes Mr. Hentosh's testimony as being relevant to "his employment history." (Def.'s Mot. ¶ 3.)

---

[1] Defendant also argues that the Government's argument contradicts its position on his employment status in a brief filed with the Third Circuit Court of Appeals in United States v. Banks, CR No. 03-245. As Defendant has been repeatedly advised, this Court has no jurisdiction over any matters related to his prior conviction. The Government's arguments in his appeal therefore are irrelevant to any matters related to the sentencing hearing in this case.

[2] Pursuant to 18 U.S.C. § 3553(a), a court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in order to arrive at a sentence which is "sufficient, but not greater than necessary," to comply with the goals of providing just punishment, deterring further criminal conduct, protecting the public, and providing the defendant with correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). Factors to be considered in imposing a sentence.

With no guidance from Defendant except a description of the would-be testimony of Mr. Hentosh, the Court concludes that Defendant intends to offer this testimony to support an argument for mitigating any sentence to be imposed in this matter.[3] As Defendant concedes, he sought a subpoena to compel Mr. Hentosh to testify at trial which was promptly issued.  Mr. Banks is free to direct his stand-by counsel to file a motion for another subpoena to be issued and served, requiring Mr. Hentosh's presence at the sentencing hearing.  However, based on nothing more than Defendant's representation that Mr. Hentosh "is nowhere to be found and seems to be avoiding the subpoena," the Court will not issue an arrest warrant nor order a criminal history report.

And now, this __17th__ day of February, 2006, Defendant's Ex Parte Motion, now pending at Docket No. 294, is denied in part insofar as it requests the Court to issue an arrest warrant or criminal history for Richard Hentosh.  The Motion is granted insofar as Defendant may request stand-by counsel to prepare and submit to the Court a motion for a subpoena to compel Richard Hentosh to testify at the sentencing hearing on March 10, 2006.

                                                                              */s/ Joy Flowers Conti*
                                                                              Joy Flowers Conti
                                                                             United States District Judge

---

[3] If this is the correct conclusion, the Court is at a complete loss to understand the relevancy of Mr. Hentosh's criminal history report, a point Defendant fails to address in his Memorandum.

cc: Brendan T. Conway, Esq.
    Assistant U.S. Attorney
    400 United States Courthouse
    Pittsburgh, PA 15219

    Frederick Banks
    No. 120759
    Allegheny County Jail
    950 Second Avenue
    Pittsburgh, PA   15219

    David B. Chontos, Esq.
    561 Beulah Road
    Turtle Creek, PA 15145