IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-176 |
| | ) | |
| FREDERICK H. BANKS | ) | |

**ORDER**

Defendant has filed a pleading entitled "Second Motion Pursuant to Fed.R.Civ.Proc. 60(b)(4) and 28 U.S.C. § 1631 to Terminate Case," Docket No. 505, arguing that this case should be terminated as to Counts 2 through 8 of the Second Superseding Indictment inasmuch as the Court only entered judgment against him as to Count 1 on March 10, 2006.  (See Docket No. 392.)

Federal Rule of Criminal Procedure 36 covers those instances in which a clerical error has been made in a judgment, order, or other part of the record arising from oversight or omission.  "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005) (*quoting* 26 James Wm. Moore et al., Moore's Federal Practice ¶ 636.02[2] (3d ed. filed through 2005)); *see* 3 Charles A. Wright, et al., Federal Practice and Procedure § 611, at 809-12 (3d ed. 2004).

As is evident from the face of the first page of the Judgment in a Criminal Case entered in this case, Mr. Banks was found guilty

of eight counts of mail fraud pursuant to 18 U.S.C. § 1341.  The Judgment provides "THE DEFENDANT: . . . was found guilty on count(s) 1 through 8 after a plea of not guilty."  Below that finding on the first page, however, only Count 1 is specifically listed in that portion of the Judgment identifying the title and section of the criminal code, the nature of the offense, the date on which the offense ended and the count in the indictment.  This kind of error is one of those recognized by Federal Rule of Civil Procedure 60(a), i.e., an error "of the sort that a clerk or amanuensis might commit, mechanical in nature," rather than an error or omission by the court in its judgment. <u>Bennett</u>, 423 F.3d at 278.

In the transcript of the sentencing hearing held on March 10, 2006, there are numerous references to Defendant's conviction on all eight counts of mail fraud with which he was charged and to the sentence imposed for conviction on those multiple counts.  (*See* Docket No. 453 at 3, 170, 171, and 172.)  Thus, the portion of the written judgment identifying, among other things, the applicable title and section of criminal code for each count inaccurately reflects only the verdict of guilty rendered by the jury on count one and does not reflect those matters for counts two through eight for which he was also found guilty.  The oral sentence imposed by the Court at the sentencing hearing and transcribed as reported at

Docket Number 453 accurately reflected that defendant was sentenced on all eight counts of mail fraud for which he was found guilty.

The error here is not a substantive error or omission, and that error, therefore, may be corrected by the Court pursuant to Federal Rule of Criminal Procedure 36.  <u>Bennett</u>, 428 F.3d at 278 ("Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge.").

AND NOW, this 19th day of June, 2007, Defendant's motion pending at Docket No. 505 is hereby denied.  An amendment to the Judgment in a Criminal Case conforming the written judgment to the oral sentence handed down by the Court on March 10, 2006, as reported at Docket No. 453, will be entered.

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
United States District Judge

cc:  Brendan T. Conway, Esq.
     Assistant U.S. Attorney
     400 United States Courthouse
     Pittsburgh, PA 15219

     Frederick Banks
     No. 05711-068
     Unit 2AU
     P.O. Box 5000
     Yazoo City, MS  39194-5000

     David B. Chontos, Esq.
     561 Beulah Road
     Turtle Creek, PA 15145