**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA     )
                                )
        vs.                )     Criminal No. 04-176
                                )
FREDERICK H. BANKS        )

## ORDER

    Frederick H. Banks ("Defendant") has filed a pleading entitled "Motion to Terminate Case Pursuant to Amended Judgment Being Void and Voidable and Motion to Terminate in Personam Judgment," Docket No. 510 ("Motion"), in which he argues that the original judgment (Doc. No. 391) and the amended judgment (Doc. No. 508) in this matter, as well as the judgment in another criminal matter, Docket No. 207 in United States v. Banks, CR No. 03-245 (W.D. Pa.) ("Banks I"), are all void because none of those documents were "served or returned by the US Marshal on Banks." (Motion at 1.) As Defendant has been repeatedly reminded, this Court has never had jurisdiction over Banks I; therefore, nothing which follows herein pertains to any issue raised in his Motion relevant to that matter.

    The crux of Defendant's somewhat confusing argument appears to be that this Court did not have jurisdiction over him at the time of his indictment, trial, or sentencing, an argument which Defendant has raised numerous times, both before and after his conviction. Prior to trial, the Court addressed this issue and denied most of the motions as frivolous; following his conviction and sentencing, the Court advised Defendant that the Anti-Terrorism

and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255, is the appropriate means for collateral attack on his conviction and/or sentence and, furthermore, that this Court has no jurisdiction to consider such arguments while his appeal to the United States Court of Appeals for the Third Circuit has yet to be ruled upon.   In apparent anticipation of being so advised once more, Defendant argues that "this Court has jurisdiction over this Motion while Banks' direct appeals are pending as this is a seperate [sic] attack on the jurisdiction and judgments rendered by the district courts."  (Motion at 2.)

The Court has attempted to liberally construe Defendant's Motion, but is unable to discern how he concludes this particular attack on the Court's jurisdiction over him at the time of his indictment, trial, conviction and/or sentencing does not fall within the purview of 28 U.S.C. § 2255.  As stated in the first paragraph of that statute:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, *or that the court was without jurisdiction to impose such sentence*, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added).

The Court therefore concludes that Defendant's argument must be raised in a motion pursuant to 28 U.S.C. § 2255 at the

2

appropriate time.

As to Defendant's argument that the Amended Judgment is void because Docket No. 508 does not show that it was served on him by a United States Marshal, Defendant entirely misconstrues this portion of the document which pertains to the physical delivery of a criminal to a prison or other detention facility following imposition of sentence. The certified copy of the judgment referred to in the form is to be provided to the authorities at the facility, not to the prisoner himself. Inasmuch as Defendant was already in custody at the time the Amended Judgment was entered, the United States Marshal Service logically would not have completed this portion of the form. Moreover, the Court's records show that a copy of the Amended Judgment was sent to Defendant by the United States Postal Service, and to his stand-by counsel by electronic mail, on or about June 20, 2007. (Docket No. 508.)

AND NOW, this 9th day of August, 2007, Defendant's motion filed at Docket No. 510 is hereby denied without prejudice pending the outcome of Defendant's pending appeal.


/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge


cc:  Brendan T. Conway, Esq.
     Assistant U.S. Attorney
     400 United States Courthouse
     Pittsburgh, PA 15219

Frederick Banks
No. 05711-068
Unit 2AU
P.O. Box 5000
Yazoo City, MS 39194-5000

David B. Chontos, Esq.
561 Beulah Road
Turtle Creek, PA 15145