IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-176 |
| | ) | |
| FREDERICK H. BANKS | ) | |

**ORDER**

Defendant Frederick H. Banks ("Defendant") has submitted two series of filings – the first giving "notice of his absolute Sovereignty under the Foreign Sovereign Immunities Act," 28 U.S.C.S. §§ 1602-1611 (Doc. Nos. 514-517), and the second giving notice that he is invoking his "rights as a Lakota Sioux Indian to Absolute Sovereignty under the Northwest Ordinance" (Doc. Nos. 520-521.)  In these filings, he appears to argue that the original and amended judgments herein (Doc. Nos. 391 and 508, respectively), as well as the judgment in another criminal matter, Docket No. 207 in United States v. Banks, CR No. 03-245 (W.D. Pa.) ("Banks I"), are void because he is immune from prosecution under the laws of the United States.  He also offers a series of ultimata to the court, declaring that failure to rebut the arguments "point by point under oath by the Respondent" within three to five days (*see*, e.g., Doc. Nos. 514 and 521), will constitute acceptance of his argument that he should be immediately released from custody.

As Defendant has been repeatedly reminded, this court has never had jurisdiction over Banks I; therefore, nothing which follows herein pertains to any issue raised in his filings relevant

to that case.

The United States Court of Appeals for the Seventh Circuit has considered what has been described as "a superabundance of frivolous suits" filed by federal prisoners. Johnson v. Daley, 339 F.3d 582, 592 (7th Cir. 2003).  As Judge Easterbrook noted, prisoners in the federal system differ from free persons in numerous ways relevant to litigation.  For example, they have far more time on their hands than free persons who, if they are to pursue litigation *pro se*, must choose between societal obligations and drafting legal documents.  Second,  they have access to "inmate writ-writers" who provide assistance which, if practiced by free persons, would be considered the unauthorized practice of law. Third, "[f]or some prisoners, litigation is recreation." Id.; *see* United States ex rel. Vampire Nation v. Citifinancial Mortg. Co., No. 06-936, 2007 U.S. Dist. LEXIS 53541, *4 (W.D. Pa. July 24, 2007) (Lancaster, J.) (describes the last example as "most apposite" to Defendant who was one of the plaintiffs in that case).

Documents 514 through 517, 520 and 521 all reflect either Defendant's reliance on "inmate writ-writers,"[1] his abundant free

---

[1]  Two examples of apparent "inmate writ-writing" emerged during the court's attempts to construe Defendant's largely incomprehensible filings.  The court consulted dictionaries and the LEXIS database of federal decisions, attempting to discern the meaning of the word "gensman," one form of self-declared sovereign status which Defendant claims gives him immunity from prosecution and conviction in the courts of the United States.  "Gensman" appears to have no meaning, legal or generic, but the court did find a remarkably similar claim by another federal prisoner.  *See* Jackson v. Patterson, No. 05-1216, 2006 U.S. Dist. LEXIS 28832, *3 (M.D. Fla. May 1, 2006).  Not only did the

2

time in which to compose frivolous pleadings, or his complete misunderstanding of the law of sovereignty.[2] This court has entertained patiently Defendant's numerous filings protesting his conviction and sentencing. (*See*, e.g., Docket No. 512.) As Defendant has been advised, the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255, is the appropriate means for collateral attack on his conviction or sentence; furthermore, this court has no jurisdiction to consider those arguments while his

---

plaintiff therein describe himself as a gensman, the decision noted that Jackson identified himself as a copyrighted entity, i.e., "Kevin Terrell Jackson, © 1991, all rights reserved," and referred to the plaintiff's "affidavit of service by special visitation," both of which are duplicated in Defendant's pleadings. *See also* United States v. Ramos, 03-379, 2004 U.S. Dist. LEXIS 2573, *4 (E.D. Pa. Feb. 4, 2004), another "gensman" case in which the defendant claimed that the court lacked "personal jurisdiction over him because he is not a citizen of the United States but rather 'lives within his own skin.' Affidavit of the Living Breathing Gensman by Special Visitation." Similar language is used in Defendant's filings as well, e.g., "Affidavit in Support of Cause of Action by Special Visitation," attached to Docket No. 517. The court also discovered La Spina v. United States, No. 05-186, 2006 U.S. Dist. LEXIS 1464 (S.D. Miss. Jan. 5, 2006), which considered *sua sponte* the plaintiff's claims that he was not subject to "trial by jury pursuant to the Sixth Amendment as described in the Northwest Ordinance." Defendant similarly argues that as a Lakota Sioux Indian, he has absolute immunity from prosecution under the Northwest Ordinance. The court notes that, curiously enough, La Spina is a prisoner housed at the federal corrections center at Yazoo City, Mississippi (id. at *1), the same facility where Defendant is presently incarcerated.

[2] With regard to Defendant's grasp of the law, his pleadings are a classic example of the famous quatrain:

> A little learning is a dangerous thing;
> Drink deep, or taste not the Pierian spring.
> There shallow draughts intoxicate the brain,
> And drinking largely sobers us again.

Alexander Pope, *Essay on Criticism*, pt. II, line 15.

appeal to the United States Court of Appeals for the Third Circuit has yet to be ruled upon. He has also been advised that those arguments must be raised in a motion pursuant to 28 U.S.C. § 2255 at the appropriate time.

Despite the court's firm conviction that Defendant's filings regarding his "sovereignty" are utterly without merit, they are denied without prejudice at this point pending the outcome of Defendant's appeal.

Defendant has also filed an equally incomprehensible "Notice That Appeal was Taken and is Taken in Admiralty and Therefore the Sentence in These Causes is Suspended[;] Movant Must be Released Immediately." (Doc. No. 519.) Defendant's conclusory statement that "the appeals in these causes were taken in admiralty" does not make it so. While his notice of appeal in this case, Docket No. 393, cites poetry and history, it does not cite admiralty law. Nor did any aspect of this criminal case take place under conditions which would rationally implicate maritime or admiralty law. *See* Sisson v. Ruby, 497 U.S. 358 (1990) (affirming that a two-part test – location and substantial relationship to maritime activity – establishes a court's admiralty jurisdiction).

Inasmuch as Defendant's pleading at Docket No. 519 is styled a "notice" and not a "motion," the court need not rule on its merits.

Finally, Defendant has filed a "Notice of Movants' [sic]

Invokation [sic] of Rights under the Act of State Doctrine" (Doc. No. 523), in which he claims to be "a foreign sovereign agent and instrumentality of his corporate alter-ego FREDERICK H. BANKS and agent and instrumentality of his corporations HEXAGON LLC and SEARCH SYNDICATE INC." According to Defendant, this court must therefore apply the act of state doctrine because Defendant "was acting for the Sovereign State itself cloaking him with immunity under the Act."

As explained in one of the decisions inaccurately cited by Defendant in his notice, "[i]n its traditional formulation, the act of state doctrine 'precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory.'" Presbyterian Church of Sudan v. Talisman Energy, Inc., 244 F. Supp.2d 289, 344 (D.N.Y. 2003) (*quoting* Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401 (1964)). In Underhill v. Hernandez, 168 U.S. 250 (1897), the Court concisely summarized the act of state doctrine: "Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory." Id. at 252.

The criminal charges at question in this matter did not involve a "*recognized* foreign sovereign power," much less "public acts" committed by a sovereign government in its own territory.

Again, however, because this frivolous pleading is styled a "notice" rather than a motion, the Court need not rule on its merits.


October 25, 2007				/s/ JOY FLOWERS CONTI
						Joy Flowers Conti
						United States District Judge



cc:	Brendan T. Conway, Esq.
	Assistant U.S. Attorney
	400 United States Courthouse
	Pittsburgh, PA 15219

	Frederick Banks
	No. 05711-068
	Unit 2AU
	P.O. Box 5000
	Yazoo City, MS 39194-5000

	David B. Chontos, Esq.
	561 Beulah Road
	Turtle Creek, PA 15145