IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-176 |
| | ) | |
| FREDERICK H. BANKS | ) | |

**ORDER**

On August 16, 2007, Defendant Frederick H. Banks ("Defendant") forwarded to the clerk of court for the United States District Court for the Western District of Pennsylvania a document entitled "Certified Promissory Note." Ostensibly, this note, in the amount of $97,308.69, was proffered under the Uniform Commercial Code ("UCC") as payment in full for the restitution, fines, and assessments imposed upon him as part of the sentences in the above-captioned matter and in United States v. Banks, CR No. 03-245. On September 4, 2007, the clerk of court returned the so-called promissory note, advising Defendant that the only forms of payment accepted by his office are cash, check or money order.

Defendant subsequently filed a "Notice of Non-Acceptance and Discharge of Debt Restitution and Special Assessment Fees" (Doc. No. 522), in which he contends that the clerk of court's refusal of his promissory note violates the UCC and, consequently, "Banks hereby gives notice of the discharge of the debt. . .and moves the court for a definative [sic] statement thereof the discharge of the special assessment fees and the restitution."

Even if Defendant's erroneous analysis of the law pertaining

to promissory notes were correct (a question this court finds no reason to address), the policy manual of the United States Judiciary limits the forms by which payments to the court may be made.

The Guide to Judiciary Policies and Procedures (the "Guide") is "the official medium by which guidance and information is provided to the Judiciary in support of its day-to-day operations." *See* on-line version at http://jnet.ao.dcn/Guide/index.html.  The policies in the Guide are approved by the Judicial Conference of the United States.  <u>Id.</u>  According to financial management procedures set out in the Guide, "[g]enerally court personnel collect fees via cash, personal and cashier's checks and money orders;" credit cards and wire transfers may also be used under specific conditions. Guide, Vol. I, Chapter VII, Part C (Receipting), § 2.1.3, "Tender Types."  The term "fees" includes monetary obligations imposed on a defendant for his criminal actions, i.e., special assessments, restitution and fines. Guide, Vol. I, Chapter VII, Part H (Criminal Debt), § 1.2.1, "Types of Criminal Debt."  Neither part C nor part H of chapter VII provides for payment of criminal debts via promissory note.

Even if this court were inclined to accept the validity of Defendant's "certified promissory note" (which it explicitly does not), under the official policies of the Judiciary, the clerk of court was under no obligation to accept the note as payment.

Defendant's purported "notice" that his debt was discharged when the clerk rejected the note and returned it to him consequently has no legal merit or effect.

The clerk of court is hereby directed to strike Docket No. 522 as frivolous.

October 26, 2007                              /s/ Joy Flowers Conti
                                              Joy Flowers Conti
                                              United States District Judge


cc:   Brendan T. Conway, Esq.
      Assistant U.S. Attorney
      400 United States Courthouse
      Pittsburgh, PA 15219

      Frederick Banks
      No. 05711-068
      Unit 2AU
      P.O. Box 5000
      Yazoo City, MS 39194-5000

      David B. Chontos, Esq.
      561 Beulah Road
      Turtle Creek, PA 15145