# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-176 |
| | ) | |
| FREDERICK H. BANKS | ) | |

## ORDER

Defendant Frederick H. Banks ("Defendant") has filed a "Motion for Reconsideration" (Doc. No. 530) regarding this court's order of November 7, 2007, filed at Docket No. 527.

A court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (*citing* North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); *see* United States v. Croce, 355 F. Supp. 2d 774, 775 (E.D. Pa. 2005) (applying the same standard to the government's motion for reconsideration in a criminal case).

Here, Defendant fails to state the basis for his motion for reconsideration. He raises no new issues, presents no new evidence, cites no change in controlling law, identifies no clear error of law, and does not point to any manifest injustice imposed

upon him by the court's previous decision.  He argues only that his pleading filed at Docket No. 526 (the subject of the court's order at Docket No. 527) was not frivolous, and reiterates the same arguments this court has considered and rejected on numerous occasions.  For example he argues that he should know the court which tried and sentenced him.  That argument is patently frivolous since the caption of the case and each order entered in this case reflects the court is the United States District Court for the Western District of Pennsylvania and the judge is a United States District Judge.  He also argues he was not subject to federal mail fraud statutes because he is either a Native American Indian and therefore subject only to tribal law or a "Moor" with ties to Morocco entitled to immunity under the Foreign Sovereign Immunities Act and that the failure of the court to provide "a point for point response" to his pleadings "within 72 hours" "automatically vacates" the court's previous orders and constitutes a "concession to the points herein."  In light of the factual background of this case neither of those arguments has any merit.  In sum, contrary to well-established law, Defendant is merely attempting to use the motion for reconsideration "to relitigate old matters."  *See* Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

The court has carefully reviewed Defendant's pleading and, as it has found on numerous prior occasions, concludes his arguments are without merit or basis in the law.[1] Defendant's motion at Docket No. 530 is therefore denied.

January 4, 2008                    /s/ Joy Flowers Conti
                                   Joy Flowers Conti
                                   United States District Judge


cc: Brendan T. Conway, Esq.
    Assistant U.S. Attorney
    400 United States Courthouse
    Pittsburgh, PA 15219

    Frederick Banks
    No. 05711-068
    Unit 2AU
    P.O. Box 5000
    Yazoo City, MS 39194-5000
    (with copy of Docket No. 530 as requested)

    David B. Chontos, Esq.
    561 Beulah Road
    Turtle Creek, PA 15145

---

[1] By the court's estimate, since his sentencing hearing on March 14, 2006, Defendant has filed more than 50 notices, motions, and briefs, most of which have been without legal merit, were untimely or redundant. Excluding Defendant's motions for leave to proceed *in forma pauperis* in connection with his appeals to the United States Court of Appeals for the Third Circuit, only four of those pleadings have been granted.