# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
    vs. ) Criminal No. 04-176
)
FREDERICK H. BANKS )

## ORDER

On May 2, 2008, Defendant Frederick H. Banks ("defendant") filed a "Motion for Return of Property Fed. R. Crim. Proc. 41(g)," Docket No. 552 ("Motion.") In that Motion, which is directed to a number of federal attorneys and agents associated with his trial in this matter and in <u>United States v. Banks</u>, Criminal No. 03-245 ("Banks I"), as well as President George Bush and the United States of America, defendant claims that a "1998 Pontiac Fiero-Ferrari Kit Car" (the "kit-car"), "an art work collection and other items" were "seized and forfeited" by the Federal Bureau of Investigation ("FBI"). Defendant argues that the "bottom line is [that] the value of these items must go to reduce Banks' forfeiture obligations along with any other items that were forfeited in this case." Defendant also moves the court, apparently in the alternative, for return of the property. (Motion at 2.)

The government responded on May 21, 2008, stating that while the FBI had considered seizing the kit-car and had opened a file associated with that process, the FBI had never taken it into

possession. Consequently, there is nothing to return to defendant nor to credit against his forfeiture obligations. (United States' Response to Defendant's Motion for Return of Property, Docket No. 555, at 2.) The government further states that the "art work collection," consisting only of three coins, was forfeited under an Order of Court dated January 9, 2008, in connection with Banks I and may not be returned. (<u>Id.</u> at 1-2; *see also* Docket No. 335-2 in CR 03-245, Banks I, attached thereto.)

Defendant filed a reply to the government's response on June 2, 2008 (Docket No. 556), in which he argues that the Government's possession of a BMW vehicle and various computer components which were also forfeited in Banks I pursuant to the January 9, 2008 Order amounts to "theft," that the government has unlawfully placed a lien against real property owned by another person (which is not referred to in the Order), and that by seizing the computer equipment, the government also took irreplaceable intellectual property in the form of his published songs worth "at least $200,000.00."

The court considers defendant's reply nonresponsive as it did not address the forfeiture of either the kit-car or the art collection which were the subject of defendant's initial Motion. Moreover, as this court has stated on numerous occasions, it has no jurisdiction over any actions taken in conjunction with Banks I, including the forfeiture Order. Defendant's Motion is therefore

denied insofar as it pertains to Criminal No. 04-176.

July 28, 2008                    /s/ JOY FLOWERS CONTI
                                 Joy Flowers Conti
                                 United States District Judge



cc:  Counsel of Record

     by U.S. Mail:  Frederick Banks
                    No. 05711-068
                    Unit 2AU
                    FCI Yazoo City Low
                    P.O. Box 5000
                    Yazoo City, MS 39194-5000