IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
         vs.                )    Criminal No. 04-176
                            )
FREDERICK H. BANKS          )

**O R D E R**

On January 20, 2008, Frederick Banks ("Defendant") filed a pleading entitled "Motion for Reconsideration of Order Regarding 18 USC § 3582(c)(2) Motion (Doc. 541)" (Docket No. 548, "Motion.") In the Motion, Defendant raises three arguments why the Court should have granted the motion he filed at Docket No. 539 in which he argued his sentence should be reduced based on the retroactive amendments to the United States Sentencing Guidelines ("USSG" or "Guidelines.") First, the Court "clearly committed an error of fact when it deemed Banks' motion made under 18 USC § 3582(c)(2)." Second, Defendant was specifically referring to "Amendment 709" when he argued that his sentence should be reduced. And third, "Banks also argued 3553(a) sentencing factors should he be resentenced and in the rest of the Motion is arguing why the Court should resentence him and how it should resentence him in light of the Retroactive Amendments made applicable to him through the revised criminal history [??] by the Sentencing Commission." (Motion at 1.)

As Defendant has been advised on multiple occasions, a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) is based on one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . .; or (3) the need to correct a clear error of law or fact or to prevent injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The Court will consider each of Defendant's arguments within that framework.

Defendant first argues that the Court committed an error of fact when it considered the motion at Docket No. 539 under 18 U.S.C. § 3582(c)(2). Were that an actual error, it could be considered understandable for a number of reasons. First, the title of his pleading refers to § 3582(c)(2) (Docket No. 359 at 1); second, he sets out ten reasons why his sentence should be reduced under that section (id. at 2-3); and third, he quotes the section in its entirety (id. at 3.) More importantly, § 3582(c)(2) is the starting point for any court considering a reduction in a sentence.[1] Therefore, the Court did not err by beginning its analysis with that section of the Guidelines.

As to Defendant's argument that it was clear he was referring

---

[1] Under § 3582(c)(2), a district court is given discretion to reduce a term of imprisonment previously imposed if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). The court may reduce the sentence in such a case after considering applicable 18 U.S.C. § 3553(a) factors, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

to "Amendment 709," the Court finds no such reference in Docket No. 359. (See, e.g., page 3 referring to "an amendment to the [USSG] by the Sentencing Commission which lowered the range of imprisonment applicable to Banks in this case and the amendment was made retroactive by the Commission" and page 4, "The 2007 Amendments to the Sentencing guidelines apply to Bank's [sic] cases.") Even if he had referred specifically to Amendment 709, his argument would fail. Defendant was sentenced on March 13, 2006, and, as provided in the Guidelines, the length of his sentence was based in part on his criminal history. Amendment 709 to the Guidelines took effect on November 1, 2007, and changed the way in which a defendant's criminal history is computed. Under the applicable Sentencing Commission policy statement, a sentence reduction pursuant to § 3582(c)(2) is authorized only if the amendment in question is listed in United States Sentencing Guidelines § 1B1.10(c). See USSG § 1B1.10(a). Amendment 709 is not included among the "covered amendments" listed in that section and thus, under the Guidelines themselves, may not be used in calculating a sentence reduction. In addition, the United States Court of Appeals for the Third Circuit has recently held that Amendment 709 is not to be retroactively applied. See United States v. Archer, Nos. 06-1382 et al., 2008 U.S. App. LEXIS 11788, *12 (3d Cir. June 2, 2008), cert. denied, ___ U.S. ___, 129 S. Ct. 153, (2008); see also United States v. Russell, CR No. 06-72, 2008

U.S. Dist. LEXIS 37588, *2-*3 (W.D. Pa. May 8, 2008).

Finally, Defendant's third argument is entirely speculative; that is, there is no reason to entertain arguments concerning factors to be considered in determining the length of a revised sentence inasmuch as the Third Circuit Court of Appeals has recently upheld his conviction and sentence. See <u>United States v. Banks</u>, No. 06-1934, slip op., November 28, 2008 (unpublished; available at Docket No. 573-3 herein.)

On January 28, 2008, only one week after having filed the Motion at Docket No. 548, Defendant filed a second pleading entitled "Renewed Motion to Modify Sentence Pursuant to 18 USC § 3582(c)(2); and Motion for Evidentiary Hearing as to any Genuine Issues of Material Facts; and Motion for Summary Judgment; and Statement of the Issues to be Decided in Motions." (Docket No. 550, "Second Motion.") In the Second Motion, he raises exactly the same arguments as he did in Docket No. 548 and in the underlying motion at Docket No. 539; in fact, only portions of the first three pages of the Second Motion and some of the attachments are new, the remainder being photocopies of pages from the first Motion. The Court finds no reason to reiterate its reasoning why Defendant's arguments based on the purported retroactivity of Amendment 709 are incorrect.

Defendant's motion for reconsideration at Docket No. 548 and

his renewed motion at Docket No. 550 are denied.


February 20, 2009                    /s/ Joy Flowers Conti
                                     Joy Flowers Conti
                                     United States District Judge



cc by U.S. Mail:    Frederick Banks
                    No. 05711-068
                    Unit 2AU
                    FCI Yazoo City
                    P.O. Box 5000
                    Yazoo City, MS 39194-5000