IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
            vs.             )    Criminal No. 04-176
                            )
FREDERICK H. BANKS          )

**O R D E R**

At Docket No. 562, Frederick Banks ("Defendant") has filed a pleading entitled "Affidavit and Motion for Evidentiary Hearing; and Motion for Return of Property 41g FRCP," in which he argues that the Government must return his passport which he surrendered prior to trial sometime in 2003 or 2004. Moreover, he seeks an evidentiary hearing "because Banks has conclusively shown that he is entitled to relief," apparently referring to the return of his passport. He also raises a Constitutional argument that the "government's trickery was unreasonable and constituted an unlawful seizure of Banks' property in violation of the Fourth Amendment."

As the Government points out in its response to the motion, a United States passport is not the property of the individual to whom it is issued and must be surrendered upon request. See Government's Response to Banks' Motion for Return of Seized Property, Docket No. 565, at 2-3, quoting 22 C.F.R. § 51.7(a): "A passport at all times remains the property of the United States and must be returned to the U.S. Government upon demand."

(Emphasis added.)  The same regulation further provides, "Law enforcement authorities who take possession of a passport for use in an investigation or prosecution must return the passport to the Department [of State] on completion of the investigation and/or prosecution."  22 C.F.R. § 51.7(b).

As Defendant concedes, he surrendered his passport to Pretrial Services and sometime thereafter, either that agency or the U.S. Attorney's Office returned it to the U.S. Passport Office.  This action did not constitute "trickery" or "unlawful seizure" of Defendant's property.

As noted in the case cited by Defendant in his brief, "the question whether to order an evidentiary hearing is committed to the sound discretion of the district court," taking into account the question of whether "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  <u>Government of Virgin Islands v. Bradshaw</u>, 726 F.2d 115, 117 (3d Cir. 1984).  Here, it is obvious Defendant is not entitled to the relief he seeks, i.e., the return of his passport which he "wishes to preserve as part of his legacy."  Defendant's motions for return of property and for an evidentiary hearing are therefore denied with prejudice.

February 20, 2009                <u>/s/ Joy Flowers Conti</u>
                                 Joy Flowers Conti
                                 United States District Judge

cc by U.S. Mail:        Frederick Banks
                        No. 05711-068
                        Unit 2AU
                        FCI Yazoo City
                        P.O. Box 5000
                        Yazoo City, MS 39194-5000