IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-176 |
| | ) | |
| FREDERICK H. BANKS | ) | |

**O R D E R**

Frederick Banks ("Defendant") has filed a pleading entitled "Motion/Notice of Mandatory Recusal Requirement Pursuant to 28 USC § 445(a),"[1] Docket No. 576, in which he states that he is giving

> notice to the Court that Judge Joy Flowers Conti is prohibited from hearing Banks' 2255 motion and related issues filed herein and must recuse herself pursuant to the Third Circuit's standing order issued in Clemmons v. Wolfe, 377 F.3d 322, 329 (3d Cir. 2004) because Banks attacked the trial and sentencing that Judge Conti precided [sic] over which is under collateral attack in the habeas corpus proceeding.

In Clemmons, the defendant had been tried and convicted of murder in the Court of Common Pleas of Dauphin County, Pennsylvania, some twenty years prior to the date on which he filed a habeas corpus petition in federal court pursuant to 28 U.S.C. § 2254. By chance, the judge to whom his habeas petition was assigned was the same judge who had presided over his state court trial and who had subsequently been named to the federal bench.

---

[1] The federal statute on which Defendant relies, 28 U.S.C. § 455(a), states that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The defendant argued that the judge should have recused himself sua sponte before considering and denying his § 2254 petition. Clemmons, 377 F.3d at 325.

The United States Court of Appeals for the Third Circuit, recognizing the absence applicable federal law on the subject of recusals under this set of facts, exercised its supervisory power and required

> each federal district court judge in this circuit [to] recuse himself or herself from participating in a 28 U.S.C. § 2254 habeas corpus petition of a defendant raising any issue concerning the trial or conviction over which that judge presided in his or her former capacity as a state court judge.

Clemmons, 377 F.3d at 329, vacating the prior District Court's decision and remanding for further consideration by another District Court judge.

Defendant has neglected to notice the footnote immediately following this conclusion by the Court of Appeals, that is:

> Of course, nothing in this opinion, which relates only to the role of a federal judge pursuant to 28 U.S.C. § 2254, is designed to apply to the role of a federal judge under 28 U.S.C. § 2255. In fact, Rule 4(a) of the Rules Governing § 2255 Habeas Proceedings for United States District Courts directs that a habeas petition "be presented promptly to the judge of the district court who presided at the movant's trial and sentenced him . . . ." In contrast to the position of a federal judge reviewing a § 2255 petition, who is effectively reconsidering his rulings at the trial, a federal judge reviewing a § 2254 petition cannot reconsider the actions taken by a state judge, even if s/he had been the state judge. In his or her new capacity, s/he would be reviewing the actions of another court.  The difference is institutional rather than ethical.  There is no basis to apply the supervisory rule enunciated here to the § 2255 situation.

Clemmons, 377 F.3d at 329 n.5.

Defendant herein was tried and convicted in federal court, not state court, and his habeas petition is brought pursuant to 28 U.S.C. § 2255, not § 2254. Thus, the distinction identified by the Court of Appeals in <u>Clemmons</u> applies herein. To the extent Defendant's pleading is construed as a motion seeking recusal of the undersigned on the basis of the rule established in <u>Clemmons</u>, the motion is denied as without basis in the law.


February 20, 2009                       <u>/s/ Joy Flowers Conti</u>
                                                     Joy Flowers Conti
                                                     United States District Judge


cc by U.S. Mail:     Frederick Banks
                         No. 05711-068
                         Unit 2AU
                         FCI Yazoo City
                         P.O. Box 5000
                         Yazoo City, MS 39194-5000