IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA      )
                              )
         vs.                  )   Criminal No. 04-176
                              )
FREDERICK H. BANKS            )
                              )
         Defendant.           )
```

## MEMORANDUM ORDER

On January 27, 2011, Frederick Banks ("Defendant" or "Banks") filed a pleading entitled Motion to Vacate, Set Aside, Reverse Pursuant to 28 USC Section 2255; and Writ of Habeas Corpus. (ECF No. 622.)

On March 10, 2006, Defendant was sentenced to a period of imprisonment for 63 months, following completion of the term to which he had already been sentenced in Criminal No. 03-245. In the intervening years, Defendant has filed numerous appeals regarding his conviction and sentencing in this matter with the United States Court of Appeals for the Third Circuit. He has also filed at least ninety other pleadings and motions which this court has denied for lack of jurisdiction or as untimely, frivolous, duplicative, or improperly brought in the wrong district court.

In addition to the motion pending at ECF No. 622, there are seven other motions upon which the court has yet to rule, namely:

| | |
|---|---|
| ECF No. 490 | Motion to Vacate, Set Aside, Reverse Pursuant to 28 USC Section 2255; and Writ of Habeas Corpus |
| ECF No. 500 | Amended Motion to Vacate, Set Aside, Reverse Pursuant to 28 USC Section 2255; and Writ of Habeas Corpus |

| | | |
|---|---|---|
| ECF No. 595 | | Motion to Take Judicial Notice; and Motion Renewing Motion to Serve Sentence Exceeding Minimum Term on Home Confinement |
| ECF No. 600 | | Renewed Motion to Dismiss Pursuant to Fed. R. Crim. P. 12(b)(3)(6) by Order of Court (Doc. 587); and Brief in Support Thereof; and Motion for New Trial for Newly Discovered Evidence |
| ECF No. 601 | | Motion to Correct Sentence Fed. R. Crim. P. 35(a) Pursuant to 18 USC. § 3582(ex1)(6); Rule 12(b)(3) |
| ECF No. 605 | | Motion for New Trial Based on Newly Discovered Evidence and Motion to Extend Time to File Motion Fed. R. Crim. P. 33, 45 |
| ECF No. 620 | | Motion for Residential Drug Program Reinstatement; and Declaration |

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has implemented a procedural framework that limits the number and frequency of second or successive § 2255 petitions which may be brought before the federal courts. "The once generous practice of liberally construing pro se filings as § 2255 motions was rendered potentially disadvantageous by the enactment of AEDPA:

> Had AEDPA not been enacted, the District Court's handling of Miller's motions in this case would pose no problem. AEDPA, however, dramatically altered the form and timing of habeas petitions filed in the federal courts. Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals. Amended sections 2255 and 2244(d)(1), moreover, impose a one-year statute of limitation on applications for writ of habeas corpus. Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created. **To avoid making successive claims, petitioners must marshal in one § 2255 writ all the arguments they have**

2

> **to collaterally attack their convictions. And in order to avoid being time barred, they must take care to file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final.**
>
> With AEDPA in place, the practice of liberally construing post-conviction motions as § 2244 petitions can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review. If each pro se post-conviction filing is treated as a § 2255 writ, as was once the case, inept petitioners face losing potentially valid constitutional claims at the hands of judges who are applying a rule of liberal construction that was created to benefit pro se claimants.

*United States v. Chew*, 284 F.3d 468, 470-71 (3d Cir. 2002) (quoting *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999))(emphasis added).

Accordingly, under the *Miller* decision "district courts provide certain prophylactic 'notice' measures before either re-characterizing a post-conviction motion as a § 2255 motion or ruling on a § 2255 motion denominated as such when the petitioner is proceeding pro se." *Mason v. Meyers*, 208 F.3d 414, 418 (3d Cir. 2000).

The *Miller* rule obligates this court to advise Banks that he may:

(1) have his motions ruled upon as filed;

(2) if any motion, which may be characterized as a successive § 2255 petition, is not styled as a § 2255 motion, have that motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive

3

>     petitions absent certification by the court of appeals; or
>
> (3) withdraw all of his motions which may be characterized as a successive § 2255 petition, and file one all-inclusive § 2255 petition within the one-year statutory period.

*Miller,* 197 F.3d at 652.

Because Banks might not have been aware of the potential legal consequences when he filed the motions at ECF Nos. 490, 500, 595, 600, 601, 605, 620 and 622, the court will delay consideration of his motions at the present time. Instead, Banks will be ordered to consider, then select one of the three options listed above and advise the court of his decision on or before **March 21, 2011,** which is forty-five (45) days from this Memorandum Order. If Banks chooses to withdraw all of the pending motions which may be characterized as a successive § 2255 petition, he may file one all-inclusive § 2255 petition within one year of the date on which his judgment of conviction becomes final. If Banks chooses not to respond, this court will rule upon the motions as filed as explained in Option # 1 above, but any pending motion or subsequent motion which may be characterized as a successive § 2255 petition will not be considered. The government shall not have to respond to any pending motion until after Banks responds to the Order entered in connection with this Memorandum Order. If Banks chooses not to respond, the government shall respond to the pending motions no later than April 11, 2011.

An appropriate Order follows.

Dated: February 3, 2011                By the court:


                                       /s/ Joy Flowers Conti
                                       Joy Flowers Conti
                                       United States District Judge



cc by U.S. Mail:
    Frederick Banks
    No. 05711-068
    Federal Correctional Complex
    37901 N. 45th Avenue
    Phoenix, AZ 85086

        AND

    Frederick Banks
    No. 05711-068
    FCI Safford
    RR # 2, P.O. Box 9000
    Safford, AZ  85548