IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-176 |
| | ) | |
| FREDERICK H. BANKS | ) | |

## **O R D E R**

Pending before the court are the following motions filed by Frederick Banks ("Defendant"):

ECF No. 490: Motion to Vacate, Set Aside, Reverse Pursuant to 28 USC Section 2255 and Writ of Habeas Corpus;

ECF No. 500: Amended Motion to Vacate, Set Aside, Reverse Pursuant to 28 USC Section 2255 and Writ of Habeas Corpus;

ECF No. 595: Motion to Take Judicial Notice; and Motion Renewing Motion to Serve Sentence Exceeding Minimum Term on Home Confinement;

ECF No. 600: Renewed Motion to Dismiss Pursuant to Fed. R. Crim. P. 12(b)(3)(6) by Order of Court (ECF 587); and Brief in Support Thereof; and Motion for New Trial for Newly Discovered Evidence;

ECF No. 601: Motion to Correct Sentence Fed. R. Crim. P. 35(a) Pursuant to 18 USC. § 3582 (ex1)(6); Rule 12(b)(3);

ECF No. 605: Motion for New Trial Based on Newly Discovered Evidence and Motion to Extend Time to File Motion Fed. R. Crim. P.

33, 45;

ECF No. 620:   Motion for Residential Drug Program Reinstatement and Declaration;

ECF No. 622:   Motion to Vacate, Set Aside, Reverse Pursuant to 28 USC Section 2255; and Writ of Habeas Corpus; and

ECF No. 625:   Supplement to Motion to Vacate under 28 USC § 2255.

In addition, the United States of America ("Government") has filed a motion (ECF No. 629), seeking clarification of the court's orders of February 3, 2001 (ECF Nos. 623 and 624), in response to which Defendant has filed a Motion for Sanctions. (ECF No. 631.)

On January 27, 2001, Defendant filed the latest in a succession of motions purporting to be brought pursuant to 28 U.S.C. § 2255, or amendments, attachments or supplements thereto. Having concluded that all of Defendant's numerous appeals to the United States Circuit Court for the Third Circuit had been denied, and being unaware of any pending appeals to the United States Supreme Court, the court entered its order at ECF No. 623 in order to apprise Defendant of the possible legal consequences of having filed multiple § 2255 motions.  In its order of February 3, 2011, the court presented Defendant with three alternative options as to how he wished to proceed:

1)   have his motions ruled upon as filed;

2)   have any of the pending motions Nos. 490 through 622 which was not styled as a § 2255 motion recharacterized

> as a successive § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the Court of Appeals; or
>
> 3) withdraw all of his pending motions which may be characterized as a successive § 2255 petition and file one all-inclusive § 2255 petition within the one-year statutory period.

(ECF No. 624.)

Defendant filed a reply to the order of February 3, 2011, on March 14, 2011, stating

> he wants to have the motion filed at document 622 considered as his 2255 motion and have all other motions incorporated therein to the extent that they are not already and have such considered as one all encompassing motion. Banks does not wish to withdraw any motion or have any considered as second or successive. He simply wants all of his arguments in all the motions to be considered on the merits without having to send any additional 2255 filings to the Court.

(ECF No. 627.)

On March 25, 2011, Defendant filed a second document in response to the Order of February 3, 2011, this time stating,

> 1. Banks moves the court to consider his latest motion filed on the merits. . . (Doc. 622)
>
> 2. And all other 2255 motions or other material that raise 2255 issues together with the latest motion as one pleading. (Doc. 622, 620, 605, 601, 600, 595, 500, 490)
>
> 3. In the alternative Banks moves the Court to consider the latest filed 28 USC § 2255 Motion to Vacate (Doc. 622)

(ECF No. 628.)

In its motion for clarification, the Government points out that Defendant did not select any of the three options enumerated

by the court in its order of February 3, 2011. The court agrees; however, based on the statements in Doc. No. 628, that Defendant wishes the court "to consider his latest motion filed on the merits" and "to consider the latest filed 28 USC § 2255 Motion to Vacate," referring in both instances to Doc. No. 622, that Defendant intends to stand on the arguments and evidence presented in the document filed on January 27, 2011.

It is therefore ORDERED as follows:

The pleadings filed at ECF Nos. 490, 500, 595, 600, 601, 605, and 620 are DISMISSED WITH PREJUDICE;

The court shall consider ECF Nos. 622 and the supplement thereto filed at ECF No. 625 as Defendant's motion to vacate pursuant to 28 U.S.C. § 2255;

The Government's motion for clarification (ECF No. 629) is GRANTED insofar as the court has determined, based on Defendant's pleadings at ECF No. 628, how he wishes the court to proceed with regard to his pending motions; and

Defendant's motion for sanctions (ECF No. 631) is DENIED inasmuch as the Government timely filed its motion for clarification in lieu of the response to Defendant's pleadings filed at ECF. Nos. 627 and 628.

IT IS FURTHER ORDERED that the Government shall file a comprehensive response to ECF Nos. 622 and 625 **on or before May 27, 2011.** Neither party shall file additional pleadings without prior

4

leave of court.



May 6, 2011                    /s/ JOY FLOWERS CONTI
                                 Joy Flowers Conti
                                 United States District Judge

cc by U.S. Mail:   Frederick Banks
                   # 05711-068
                   Unit 5802
                   Federal Correctional Institution
                   P.O. Box 2000
                   Fort Dix, NJ  08640