IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-176 |
| | ) | |
| FREDERICK H. BANKS | ) | |

## OPINION

CONTI, Chief District Judge

### I. Introduction and Background

Pending before the court is a motion for reconsideration and motion to terminate supervision (ECF No. 816) filed by pro se defendant Frederick Banks ("defendant"). On March 10, 2006, defendant—after being convicted of eight counts of mail fraud—was sentenced to a term of imprisonment of sixty-three months and a term of supervised release of thirty-six months, and ordered to pay $15,100.10 in restitution to victims of his offense. (ECF No. 391.) Defendant's 36-month term of supervised release was subject to numerous conditions, including—but not limited to—the following conditions:

- Any remaining restitution shall be paid in monthly installments of not less than 10 percent of the defendant's gross monthly income.

- The defendant shall not commit another federal, state or local crime.

- The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation officer, unless the defendant is in compliance with the installment payment schedule.

(Id.)

Defendant was released from custody of the Bureau of Prisons on May 24, 2013. On October 23, 2013, the United States Probation Office ("USPO") filed a petition informing the

court that defendant committed wire fraud and aggravated identity theft, and requesting this court to issue a warrant for defendant's arrest. (ECF No. 672.) On the same day, the court granted the USPO's request. (ECF No. 673.) On October 24, 2013, the USPO filed a supplemental petition informing the court that defendant attempted to open bank accounts, without the approval of the probation officer, through Gain Capital, LLC. (ECF No. 376.)

On October 25, 2013, November 20, 2013, and November 25, 2013, the court held a supervised release revocation hearing with respect to the USPO's petition and supplemental petition. At the conclusion of the hearing on November 25, 2013, the court determined defendant violated the condition of his supervised release that he not commit another federal, state, or local crime. (ECF No. 715.) The court sentenced defendant to a term of imprisonment of fourteen months and a term of supervised release of six months to be served at a community confinement center. (Id.) The term of supervised release was subject to the same conditions originally imposed upon defendant on March 10, 2006, and the additional condition that the term of supervised release "shall be served at a community confinement center." (Id.) Defendant appealed to the Third Circuit Court of Appeals the court's determination that he violated a condition of his supervised release and the imposition of the conditions of supervised release. (ECF Nos. 723, 728.) On January 7, 2014, the court of appeals denied defendant's petition for writ of mandamus. (ECF No. 737.)

> On January 30, 2015, the USPO filed a petition informing the court of the following:
>
> The defendant was directed to complete six months at Renewal until the expiration of his supervised release on April 28, 2015. On December 26, 2014, our office received an incident report from Renewal for failure to pay subsistence. The defendant previously signed an agreement on October 30, 2014, agreeing to pay 25% of his gross wages to the Administration of Renewal, INC. On January 23, 2015, the defendant learned that he would not be released from Renewal before April 28, 2015. As a result, he withdrew his consent to deposit his money order to pay subsistence to Renewal and was unsuccessfully discharged from

Renewal on January 26, 2015.

(ECF No. 810.) The USPO in the petition requested this court to hold a show cause hearing with respect to the alleged violation of defendant's condition of release to serve his six-month term of supervised release at a community confinement center. (Id.) The court granted the USPO's petition, and held a show cause hearing on February 2, 2015. (ECF No. 813.) The court determined defendant violated the condition of his supervised release to serve his six-month term of supervised release at a community confinement center. (ECF No. 823.) The court revoked defendant's term of supervised release and sentenced him to a term of supervised release of three months and twenty-seven days, to be served from February 2, 2015, until May 29, 2015. (ECF No. 823.) The court imposed upon defendant the standard conditions of supervised release, the conditions imposed upon him on November 25, 2014, and sixteen additional conditions of supervised release, including—but not limited to—the following conditions:

> 13. On or before February 6, 2015, the defendant shall make payment to Renewal, Inc. for all contractual obligations by money order. The defendant shall mail or hand-deliver the money order to Renewal, Inc., Attention: Earl Kalchthaler, and fax a copy of proof of payment to his probation officer.
> …
> 16. Commencing on February 2, 2015, the defendant shall be placed on home detention for a period of 3 months and 27 days (2/2/15-5/29/15). During the period of home detention, the defendant shall remain at his place of residence except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligations; to shop for food and clothing; barbershop visits; or other activities approved in advance by the probation officer. At the direction of the probation office, the defendant shall wear an electronic device, i.e., a cell unit, and shall observe the rules specified by the Probation Department.

(ECF No. 823 at 4.)

On February 5, 2015, defendant filed the motion for reconsideration and motion to terminate supervision (ECF No. 816) currently pending before the court. On February 6, 2015, the government filed a response to defendant's motion. (ECF No. 819.) On February 17, 2015,

defendant filed an exhibit in support of his motion. (ECF No. 820.)

Defendant entitled his motion "Notice of Appeal: Motion for Reconsideration: and Motion to Terminate Supervision." (ECF No. 816.) The court understands defendant's motion as a request to the court to reconsider its decision to impose the term of supervised release upon the defendant in the first instance. A review of the entirety of defendant's motion indicates that defendant also is requesting this court to terminate his sentence of supervised release because he satisfied his conditions of release to pay restitution through May 29, 2015, and pay Renewal, Inc. in accordance with his contractual obligations. Upon consideration of the facts of this case, which with the court is intimately familiar, and the submissions of the parties, the court will deny defendant's motion for the reasons stated herein.

**II. Legal Standard**

**A. Motion for Reconsideration**

Congress "eliminated the common-law practice of allowing motions for reconsideration" with respect to sentencing. United States v. Gonzalez-Rodriguez, --- F.3d ----, 2015 WL 301996, at *3 (1st Cir. Jan. 23, 2015). The court in Gonzalez-Rodriguez explained:

> As well explained in United States v. Townsend, 762 F.3d 641 (7th Cir.2014), that resulted from the passage of the Sentencing Reform Act of 1984, which encompasses 18 U.S.C. § 3582(c). Id. at 645. As we have said, under the current statutory scheme, "[o]nce a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." United States v. Griffin, 524 F.3d 71, 83 (1st Cir.2008). That statute in turn provides, in relevant part, that a " 'court may not modify a term of imprisonment once it has been imposed except that ... the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.' " Id. at 83 n. 13 (quoting 18 U.S.C. § 3582(c)(1)(B)). A criminal defendant who requests from the district court a correction or reduction of a sentence after judgment is entered must proceed within the confines of Fed.R.Crim.P. 35(a), unless there is some statutory basis for the requested relief. See Townsend, 762 F.3d at 647 (holding that, because defendant "cite[d] no statute permitting" his challenge to the propriety of his sentence, "the court was authorized to proceed only within the constraints of Rule

35"); Ortiz, 741 F.3d at 292 n. 2 (noting that a district court's authority to grant relief to a defendant claiming a sentencing error "stems solely from [Rule 35(a) ]'s positive law, not from any inherent power"); Griffin, 524 F.3d at 83 & n. 13. Where the defendant does not identify the source for his motion, we see if it fits within Rule 35(a).

Gonzalez-Rodriguez, 2015 WL 301996, at *3. Federal Rule of Criminal Procedure 35 provides two situations in which a court may correct or reduce a sentence: (1) "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error[;]" and (2) "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." FED. R. CRIM. P. 35.

### B. Motion for Early Termination of Supervised Release

A district court may, after considering the applicable factors[1] in 18 U.S.C. § 3553(a),

> terminate a term of supervised release and discharge the defendant released at **any time after the expiration of one year of supervised release**, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1) (emphasis added). "Generally…early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it." United States v. Laine, 404 F. App'x 571, 573–74 (3d Cir. 2010) (citing United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). "Simple compliance

---

[1] The applicable § 3553(a) factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the sentencing range established by the Sentencing Commission; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) & (a)(7).

5

with the conditions of supervised release [is] expected and not exceptional." Laine, 404 F. App'x at 574; see United States v. Abdelhady, Crim. Action No. 06-63, 2013 WL 1703775, at *2 (W.D. Pa. Apr. 19, 2013) ("[I]t is well-settled that mere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to justify early termination."); United States v. Dudash, Crim. Action No. 05-101, 2012 WL 874878, at *3 (W.D. Pa. Mar. 14, 2012) ("Defendant's full compliance with all of the conditions of supervised release does not warrant early termination."). In other words, the § 3553(a) factors and the interest of justice do not support early termination unless there is a reason other than compliance with the conditions of supervision. See United States v. Medina, 17 F.Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, *the exception would swallow the rule*." (emphasis added)).

### III. Discussion

#### A. Motion for Reconsideration

Neither of the scenarios under Federal Rule of Criminal Procedure 35 is relevant in this case. To the extent defendant's motion seeks reconsideration of his sentence imposed on February 2, 2015, there is no legal basis—common law, statutory, or otherwise—for this court to reconsider its decision. Defendant's motion for reconsideration will, therefore, be denied.

#### B. Motion to Terminate Supervision

Defendant argues that his term of supervised release should be terminated because he fulfilled his restitution obligation through May 29, 2015,[2] and financial obligations to Renewal,

---

[2] Defendant asserts he paid his restitution obligations in advance. The applicable condition imposed upon defendant on February 2, 2015, as part of the new conditions of supervision is that he pay weekly (rather than monthly) installments of not less than ten percent of his gross weekly

6

Inc. As discussed below, defendant is not eligible for early termination of supervised release under 18 U.S.C. § 3583(e)(1) because with respect to the sentence imposed upon him on February 2, 2015, he has not served one year of supervised release. Even if defendant was eligible for consideration under § 3583(e)(1), early termination of supervision is not warranted in in light of the facts of this case and the applicable legal standard, which includes consideration of the factors set forth in 18 U.S.C. § 3553(a).

1. **Failure to Serve One Year of Supervised Release**

In this case, on February 2, 2015, the court sentenced defendant to a term of supervised release of three months and twenty-seven days. Accordingly—as of the date of this opinion—defendant has not served, and, given the length of the term of supervised release imposed, could not serve, *one year* of supervised release, which is required under § 3583(e)(1) to be considered for early termination of supervision. Defendant's motion to terminate, therefore, must be denied on that basis alone.

2. **Applicable 18 U.S.C. § 3553(a) Factors**

    a. *Nature and Circumstances of the Offense and History and Characteristics of the Defendant.*

On December 23, 2005, defendant was convicted of eight counts of mail fraud, a violation of 18 U.S.C. § 1341. (ECF No. 267.) After serving his term of imprisonment, defendant was on supervised release. On November 25, 2013, the court determined the government met its burden to prove by a preponderance of the evidence that defendant while on supervised release committed wire fraud, a violation of 18 U.S.C. § 1343, and aggravated identity theft, a violation of 18 U.S.C. § 1028(a). (ECF No. 715.) These are very serious offenses and show defendant

---

income. At the hearing on February 2, 2015, defendant testified his weekly income varies. The court cannot determine whether defendant complied with this condition until he reports the amount of his *actual* weekly income for the entire period.

while on supervised release repeatedly engaged in unlawful conduct of a similar nature to his original conviction, i.e., fraud. Defendant's supervised release was revoked, and he was sentenced to fourteen months of imprisonment to be followed by a six-month term of supervised release.

On February 2, 2015, the court determined defendant while on supervised release violated the condition of his supervised release to serve six months of supervised release at a community confinement center. (ECF No. 823.) Specifically, defendant was discharged from Renewal, Inc. because he did not pay subsistence to Renewal, Inc., which he contractually agreed to do. (ECF No. 810.) This conduct shows defendant's inability to abide by the conditions of supervised release imposed upon him by the court.

With respect to defendant's personal characteristics, defendant—who spent approximately nine years incarcerated as a result of the convictions for mail fraud—is highly intelligent and has the capacity and ability to be employed; indeed, defendant is currently employed by a law firm. Defendant reports he is a talented artist with skills in music and visual arts. The court previously determined that defendant has the ability to legally represent himself. The court as part of that determination required defendant to undergo a psychiatric evaluation. Defendant as a result of that psychiatric evaluation was diagnosed with "[p]sychosis not otherwise specified" and an alternative diagnosis of "chronic paranoid schizophrenia." (Gov't Ex. 1 from hearing held on November 25, 2014 at 7.) Defendant vehemently disagrees with those diagnoses, and argues he is being harassed by the government because he has filed in excess of six hundred lawsuits against the federal government. Defendant also has a history of alcohol abuse.

### b. *Sentencing Range Established by the Sentencing Commission.*

With respect to defendant's most recent violation of the conditions of supervised release, i.e., his failure to serve six months of supervised release at a community confinement center, the United States Sentencing Commission range of imprisonment is five to eleven months because the violation is a Grade C violation and defendant has a criminal history score of III. U.S.S.G. § 7B1.4(a). Because the minimum term of imprisonment is at least one month but not more than six months, the minimum term of imprisonment "may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term[.]" U.S.S.G. § 7B1.3(c)(1). United States Sentencing Guideline § 7B1.3(d) provides:

> Any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

U.S.S.G. § 7B1.3(d). United States Sentencing Guideline § 7B1.3(g)(2) provides:

> If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. 3583(h).

U.S.S.G. § 7B1.3(g)(2). Application note 1 to section 7B1.3 instructs that "[r]evocation of probation or supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who having been continued on supervision after a finding of violation, again violates the conditions of his supervision." U.S.S.G. § 7B1.3 app. n. 1.

9

### c. The Need to Protect the Public from Further Crimes of the Defendant.

Defendant previously committed wire fraud and aggravated identity theft while on supervised release for committing mail fraud. Defendant while on supervised release for committing wire fraud and aggravated identity theft did not abide by the conditions of his supervised release to serve six months of supervised release at a community confinement center. Based upon the foregoing, defendant demonstrated that he has difficulty abiding by the law and conditions of supervision. Accordingly, continued supervision of defendant is necessary to protect the public from further crimes of defendant.

### d. Any Pertinent Policy Statement Issued by the Sentencing Commission.

In light of defendant's history of alcohol abuse, the policy statement in U.S.S.G. § 5D1.3(d)(4) is applicable in this case, and recommends that "[i]f the court has reason to believe that defendant is an abuser of…alcohol" it should impose upon the defendant "a condition requiring that defendant participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of…alcohol." U.S.S.G. § 5D1.3(d)(4). The court imposed upon defendant the following conditions of supervised release to address defendant's history of alcohol abuse:

> 10. The defendant shall participate in an aftercare treatment program which may include urine testing at the direction and discretion of the probation officer. Further, the defendant shall be required to contribute to the costs of the services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost.
>
> 11. The defendant is prohibited from consuming alcohol.

(ECF No. 823 at 4.) The court also prohibited defendant from consuming any alcohol as part of the standard conditions of supervised release. (Id. at 2.)

In light of defendant's psychiatric diagnoses, the policy statement in U.S.S.G. § 5D1.3(d)(5) is applicable in this case, and recommends that "[i]f the court has reason to believe that defendant is in need of psychological or psychiatric treatment" it should impose upon the defendant "a condition requiring that defendant participate in a mental health program approved by the United States Probation Office." U.S.S.G. § 5D1.3(d)(5). The court imposed upon defendant the following condition of supervised release with respect to defendant's mental health:

> 17. The defendant shall undergo a mental health assessment. If it is determined that treatment is appropriate, the defendant shall participate in treatment, until such time as the defendant is released from the program by the court. The defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost.

(ECF No. 823 at 4.)

### e. The Need to Avoid Unwarranted Sentence Disparities.

This factor causes the court to reexamine the sentencing range. The court, however, is not aware of any unwarranted sentence disparities created by the sentence imposed upon defendant in this case.

### f. The Need to Provide Restitution.

Defendant as part of his original sentence in this case was ordered to pay $15,100.10 in restitution to victims of his offense. (ECF No. 391.) The court imposed the following condition upon defendant with respect to paying restitution to victims of his offense:

> 6. Commencing on February 2, 2015, any remaining restitution shall be paid in weekly installments of not less than 10 percent of the defendant's gross weekly income. The defendant shall make each week's payment within 14 days of defendant receiving a paycheck for that week.

(ECF No. 823.) Defendant asserts in his motion that "he has now paid his restitution of 10% in

full through May 29, 2015." (ECF No. 816 at 1.) Due to the uncertainty about what defendant's actual income will be during that period, the court is unable to determine whether the amount he paid is sufficient to comply with this condition.

3. **Defendant's Conduct**

Defendant argues that because "he has now paid his restitution of 10% in full through May 29, 2015 and he has paid the Renewal Center in full for the time he spent there," "the court should terminate [defendant's] term of supervised release immediately." (ECF No. 816 at 1.) In support of his argument, defendant submitted to the court the following exhibits: a photocopy of a money order from Rite Aid Pharmacy (ECF No. 816-1); and photocopies of three receipts for "Subsistence" from someone named "Kyle Kolther," who defendant alleges is a "federal case manager" at Renewal, Inc. (ECF Nos. 816-1 at 2-3; 820-1.) The photocopy of the money order from Rite Aid Pharmacy is not entirely legible; indeed, the court cannot determine to whom the money order is made out to or the amount paid by the money order. (ECF No. 816-1 at 1.) Although the photocopies of the three receipts for the money orders signed by "Kyle Kolther" are more legible than the photocopy of the money order from Rite Aid Pharmacy, there is no indication other than defendant's allegations that the receipt is from Renewal, Inc. For the purposes of the present motion, the court cannot assume defendant complied fully with his restitution obligations through May 29, 2015, because he testified that his weekly income varies, but the court will assume that he satisfied his subsistence obligations to Renewal, Inc.

4. **Conclusion**

As discussed above, there is no legal basis in this case for the court to reconsider the sentence imposed upon defendant on February 2, 2015. With respect to early termination of supervised release, defendant has not served at least one year of supervision, which is required to

full through May 29, 2015." (ECF No. 816 at 1.) Due to the uncertainty about what defendant's actual income will be during that period, the court is unable to determine whether the amount he paid is sufficient to comply with this condition.

3. **Defendant's Conduct**

Defendant argues that because "he has now paid his restitution of 10% in full through May 29, 2015 and he has paid the Renewal Center in full for the time he spent there," "the court should terminate [defendant's] term of supervised release immediately." (ECF No. 816 at 1.) In support of his argument, defendant submitted to the court the following exhibits: a photocopy of a money order from Rite Aid Pharmacy (ECF No. 816-1); and photocopies of three receipts for "Subsistence" from someone named "Kyle Kolther," who defendant alleges is a "federal case manager" at Renewal, Inc. (ECF Nos. 816-1 at 2-3; 820-1.) The photocopy of the money order from Rite Aid Pharmacy is not entirely legible; indeed, the court cannot determine to whom the money order is made out to or the amount paid by the money order. (ECF No. 816-1 at 1.) Although the photocopies of the three receipts for the money orders signed by "Kyle Kolther" are more legible than the photocopy of the money order from Rite Aid Pharmacy, there is no indication other than defendant's allegations that the receipt is from Renewal, Inc. For the purposes of the present motion, the court cannot assume defendant complied fully with his restitution obligations through May 29, 2015, because he testified that his weekly income varies, but the court will assume that he satisfied his subsistence obligations to Renewal, Inc.

4. **Conclusion**

As discussed above, there is no legal basis in this case for the court to reconsider the sentence imposed upon defendant on February 2, 2015. With respect to early termination of supervised release, defendant has not served at least one year of supervision, which is required to

be considered for early termination of supervision under § 3583(e)(1). Defendant's motion for reconsideration and motion to terminate will, therefore, be denied.

Even if defendant has served one year of supervised release, the motion would nonetheless be denied. Defendant is commended for being currently employed, paying at least part of his restitution obligations through May 29, 2015, and satisfying his subsistence obligations to Renewal, Inc. In light of the § 3553(a) factors, however, evidence that defendant has abided by two conditions of supervision is not a ground for early termination of his supervised release. Defendant repeatedly struggles with abiding by conditions of supervision and not breaking the law. Defendant, who was convicted of eight counts of mail fraud and served his term of imprisonment, within five months of release violated the conditions of his original term of supervised release by committing two additional crimes, i.e., wire fraud and aggravated identity theft, and most recently, after spending additional time in prison, violated the condition of supervision to serve six months at a community confinement center. Under those circumstances, the court cannot be assured that the public is protected from further crimes of defendant without placing defendant under the continued supervision of the USPO.

Furthermore, defendant's conduct while on supervision does not warrant termination of supervision. "Simple compliance with the conditions of supervised release [is] expected…." Laine, 404 F. App'x at 574. Although defendant prematurely paid at least part of his restitution obligations through May 29, 2015, this act alone does not warrant early termination of supervision, and—even if it did—in light of defendant repeatedly violating conditions of supervision, the court's need to protect the public from further crimes of the defendant warrants defendant remaining under the supervision of the USPO until May 29, 2015. Based upon the foregoing analysis, the evidence presented by defendant, i.e., he paid at least part of his

restitution obligations through May 29, 2015, and satisfied his subsistence obligations to Renewal, Inc., is not a sufficient basis upon which defendant's term of supervised release should be terminated.

For the foregoing reasons, defendant's motion for reconsideration and motion to terminate (ECF No. 816) will be denied. An appropriate order will be entered.

BY THE COURT,

Dated: March 4, 2015

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge